## HARBAGE v FERGUSON et

Ohio Common Pleas, Franklin Co

No 150990. Decided September 6, 1938

228

Gilbert Bettman, Cincinnati, and Agnes B Dickinson, Columbus, for plaintiff.

Clarence Laylin, Columbus, for members of the House of Representatives, Paul Gingher, Columbus, for Dwight Matchett, Clerk of the Senate, and, by special appointment of the Attorney General's office, representing Ferguson, the Auditor, in a limited capacity.

## OPINION

By KING, J.

This action was instituted by Arnett Harbage, a taxpayer, to prevent the payment of certain mileage fees by the State Auditor to members of the Ohio House of Reperesentatives and to recover back mileage fees paid to members of the Ohio Senate for the period of time between July 22, 1936, and December 8th, 1936.

Plaintiff in his amended petition alleges that on July 22nd, 1936, the General Assembly voted to take a five minute recess and then disbanded. That on December 8th, 1936, the General Assembly returned to Columbus and convened in actual session. That between July 22nd, 1936, and December 8th, 1936, there was no actual session of the General Assembly for which any member thereof would have been entitled to mileage. That when the General Assembly convened on December 8th, a motion was adopted in each branch, which provided that the Assembly adjourn as of July 22, 1936, and that entries be made in the journal of each House showing the convening in session of each House twice a week from July 22nd, to December 8th. That such entries were made showing forty sessions of each House during that period whereas in truth and fact no sessions whatever were held. That thereafter Fred Elsass, Clerk of the House and Harold Mosier, President of the Senate, certified to the Auditor mileage allowances authorizing payment to each member of the House and Senate mileage fees to and from each of the forty purported sessions of the Legislature. That the amount of payments to be made to House Members was $21,507.00 and that $5,557.00 wwas actually paid to members of the Senate before the final adjournment of the General Assembly contrary to §50 GC. Plaintiff prayed that the State Auditor be enjoined from making any payments for mileage to members of the House and that a mandatory injunction issue compelling the State Auditor to recover back from the Senators the amount of mileage fees illegally paid.

An answer and cross-petition was filed on behalf of J. Freer Bittinger, an answer on behalf of Fred Elsass; an answer on behalf of Joseph Ferguson, State Auditor, and defendant, Harold Mosier, is in default for answer. Plaintiff then fiiled an answer to the cross-petition of J. Freer Bittinger. Upon the issue as thus made by the pleadings, testimony was given before the Court as to whether the General Assembly was actually in session during the period of time. The cause was finally submitted to the court on June 17th last.

The question as to whether or not members of the General Assembly were entitled to receive mileage during the period of time when the General Assembly was not in actual session has been decided by two other branches of this court. One decision was rendered upon a motion for a temporary restraining order which was granted and the other upon a motion by one of the defendants for judgment on the pleadings which was denied.

The undisputed facts before us disclose that the General Assembly was not in actual session during the period in question for which mileage was allowed. Such allowance for mileage was illegal and the request of the plaintiff for an order permanently enjoining the Auditor of State from paying allowances made to members of the House should and hereby is granted and an entry may be drawn in accordance with this finding and conclusion.

This brings us to the consideration presented with reference to the members of the Senate. The facts disclose that mileage amounting to $5557.00 was paid before the institution of the proceedings herein. Plaintiff seeks to have the Auditor of State recover back the money thus paid. The money paid by the Auditor to the members of the Senate was for mileage for a period of time during which the Senate was not in actual session. Therefore the payment was illegal.

The facts alleged in the petition which have been supported by the testimony and the duty enjoined upon the Auditor of State by the provisions of §270 GC indicate the relief to which plaintiff is entitled, namely a writ issued by the Court commanding the State Auditor to institute proceedings to recover the money illegally paid.

The provisions of §270 GC provide so far as is pertinent to this inquiry as follows "* * * If a warrant for the payment of money from the State Treasury has been illegally or improperly issued by the Audi-

tor of State * * * the Auditor shall cause the amount of such warrant or excess to be collected and returned to the State Treasury without delay. * ! *"

Here the statute specifically enjoins a certain duty upon the Auditor. The enforcement of such duty is by an action in mandamus. The operative facts alleged in the amended petition disclose such right of action. The prayer of the amended petition by plaintiff is for a mandatory injunction. Clearly mandatory injunction is not the relief indicated. Because of this fact, defendants insist that the plaintiff is not entitled to a writ in mandamus and therefore judgment should be rendered for defendants. With this contention, we can not agree.

The provisions of §270 GC are plain. The duty is clearly imposed upon the Auditor to recover money illegally paid. The undisputed facts before us, supporting the allegations of the petition show that the money was illegally paid. The only remedy is to order the Auditor to perform his duty as enjoined by law.

The prayer of a petition is no part of the cause of action, but merely indicates the object thereof, the remedy sought or the legal consequences of the facts set forth in the petition. It is a mere incident to the petition. The facts constituting a cause of action must be embodied in the petition independent of the prayer. As stated in 31 O. Jur. at page 628 "* * * the party is to state the relief he asks. If not proper or not the most appropriate in the opinion of the Court the proper relief will be granted."

Let a writ be issued commanding the Auditor of State to cause the money illegally paid to the members of the Ohio Senate to be collected.